UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Worldwide Media, Inc., a Florida Corporation, | Case No. _____ |
| Plaintiff, | |
| vs. | |
| Bryan Adams, an individual and Adams Communications Inc., a Canadian Corporation | COMPLAINT: DECLARATORY RELIEF DEMAND FOR JURY TRIAL |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for declaratory relief in which Plaintiff, Worldwide Media, Inc., (herein "Plaintiff" or "Worldwide Media") seeks to protect its right to use a non-distinctive geographic term, "Point Lookout" as an internet domain name for commercial purposes deriving from its status as a non-distinctive geographic term per se.  Over the course of several months, the Defendants, Bryan Adams, and Adams Communications Inc. (herein "Defendants" or "Adams") have harassed the Plaintiff by issuing a variety of accusations, demands and threats of legal action against the Plaintiff if the Plaintiff does not transfer the domain name to the Defendants on the Defendants' demanded terms.  These unwanted and repeated communications from the Defendants have been made by Defendants' legal counsel on two continents.  Absent a declaration from this Court, Plaintiff reasonably believes the Defendants' harassing behavior will continue and that Defendants' rightful registration and use of the internet domain name will be impaired.

1

## PARTIES

2. Plaintiff Worldwide Media Inc. is a Florida corporation organized and operated in this judicial district.

3. Defendant Bryan Adams, is an individual citizen of Canada, with a business establishment at #500 - 425 Carrall Street, Vancouver, British Columbia, Canada; and a residence on Cheyne Row, Chelsea, London, United Kingdom.

4. Defendant Adams Communications Inc. is a Canadian Corporation, with an address at 520-425 Carrall Street, Vancouver, British Columbia, Canada V6B6E3.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper under 28 U.S.C. § 1331, § 1338 and § 2201 and 15 U.S.C. § 1121 because this action involves a federal question arising under 15 U.S.C. § 1125(d).

6. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b) and § 1391(c)(2). Additionally, venue and jurisdiction are proper in the Southern District of Florida, because the Defendants have directed their campaign of threats and harassment to the Plaintiff in this judicial district concerning Defendants' various claims against the Plaintiff's registration of an internet domain name registered to the Plaintiff in this judicial district.

## COMMON ALLEGATIONS

7. Internet domain names are subject to periodic renewal payments to maintain registration. When internet domain name registrations expire, they are frequently re-registered by so-called "dropcatching" services which then conduct auctions among prospective registrants of such abandoned domain names.

8. Abandoned domain names are valued among parties such as the Plaintiff, as they sometimes contain generic or descriptive keywords which can productively be "monetized" by associating such domain names with paid search advertising content, such that persons using the domain name to find

relevant products or services may be directed to a web page consisting of paid search links relating to subject matter connotated by words in the domain name.  These generic domains are then used to drive traffic to a corresponding landing page, which is populated by syndicated advertisements by Google, Yahoo or some other search engine.

9.  In late 2016, the internet domain name <PointLookout.com> expired from registration and was subsequently offered for public auction in February 2017.

10.  Upon reviewing a list of domain names made available for public auction, the Plaintiff submitted a bid to acquire <PointLookout.com>.

11.  The Plaintiff acquired <PointLookout.com> in the good faith belief that the term "Point Lookout" was geographically descriptive of places so-named, and would be suitable for travel or real estate advertising generally pertaining to such places.

12.  For example, the Plaintiff is also the registrant of the domain name <Atlantic.city> which the Plaintiff has associated with advertising topics generally related to travel destinations in New Jersey.

13.  "Point Lookout" denotes any of the following:  a beach community on Long Island, New York; a mountain in Sout Wales, UK; a peninsula of the Chesapeake Bay in Maryland which is also the location of a Maryland state park; a community in Missouri; a community in West Virginia; and a village in Queensland, Australia, among other non-distinctive and non-exclusive designations.

14.  Since having registered the domain name, the Plaintiff has utilized the domain name in connection with a domain monetization provider to publish paid search advertising relating to the non-distinctive geographic significance of the term "Point Lookout".

15.  When the domain name was registered by the Plaintiff, the Plaintiff was unaware of any claim of rights or interests in the term "Point Lookout" on the part of the Defendants.

16.  The Plaintiff remains unaware of any goods or services in interstate commerce conducted

by the Defendants under the denomination "Point Lookout".

17. On information and belief, the Defendants have no rights in the non-distinctive geographic designation "Point Lookout" under the Lanham Act or under common law.

18. The Defendants' registration and use of the domain name <PointLookout.com> does not violate any cognizable claim of the Defendants.

19. On April 1 2017, Defendants, through its attorney, transmitted a threat against the Plaintiff stating, among other things, "Court proceedings are now contemplated against you in – inter alia – the United States" based on a number of bizarrely stated claims of right in what the Defendants characterized as "the goodwill in and associated with the residence at the geographic location known as 'POINT LOOKOUT™'" among other things.  The Defendants threat, in full, is attached hereto as Exhibit A.

20. The Defendants threat fraudulently identified the Defendants' attorney as a "sheriff" in order to convey the impression that it originated with a law enforcement official.  On information and belief, the claimed "sheriff" is one John Edouard Giacobbi, a licensed attorney.

21. Plaintiff, through counsel, replied to Defendants' attorney, rejecting the Complainant's demands.

22. Notwithstanding actual knowledge that Plaintiff was represented by counsel, Defendants' counsel continued to directly communicate with Plaintiff.  Despite being a licensed attorney, Defendants' counsel denied being an attorney.

23. After the initial exchange of correspondence, Defendants appointed additional counsel, who has continued to issue threats and demands, against Plaintiff, culminating in an ultimatum issued on June 30, 2017 to transfer the domain name to Defendants and stating "we can hold this offer open for one more week before further action will be taken".

24. In a follow up conversation with Defendants' additional counsel concerning the initial

exchange of correspondence, Defendants' additional counsel, an attorney believed to be licensed in Ohio, refused multiple times to indicate whether Defendants' original counsel, the pretended "sheriff", is or is not a licensed attorney when presented with a "yes or no" question to that effect.  On information and belief, this behavior was intended to continue the false impression that Mr. Giacobbi was a law enforcement official of some kind.

25.  The Plaintiff reasonably believes that in the absence of a judicial declaration of the Plaintiff's rights, that the Defendants are likely to initiate action for the purpose of interfering with Plaintiff's registration and use of the domain name, and is likely to impair the marketability of the domain name.

## COUNT I

## DECLARATORY RELIEF

26.  Plaintiff hereby incorporates the allegations of paragraphs 1 through 25 as if set forth herein in full.

27.  Plaintiff's registration and use of the domain name does not violate Defendants' rights under the Lanham Act, the Copyright Act, or common law.

28.  In registering the domain name, Plaintiff did not have "bad faith intent" as provided in 15 U.S.C. 1125(d)(l)(A)(i), to profit from any alleged rights claimed by Defendants.

29.  Defendants possesses no cognizable rights under the Lanham Act in "Point Lookout".

30.   In the alternative, Defendants' claimed rights in the alleged mark are neither "distinctive" nor "famous" as provided under 15 U.S.C. 1125(d)(1)(A)(ii).

31.  Plaintiff had reasonable grounds to believe that its registration and/or use of the domain name <PointLookout.com> was a fair use or otherwise lawful, as provided in 15 U.S.C. 1125(d)(l)(B)(ii) in accordance with the non-distinctive and geographically descriptive character of "Point Lookout".

5

32. Plaintiff's registration and use of the domain name <PointLookout.com> does not, and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiff with Defendants, or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendants, of which none exist in the U.S..

33. Plaintiff will be irreparably harmed if Defendants proceed with its threatened action.

34. The domain name <PointLookout.com> is not identical, confusingly similar to, or dilutive of Defendants' claimed rights in any mark or term "Point Lookout" as contemplated by 15 U.S.C. § 1125(d)(1)(A)(ii).

35. Plaintiff believed and had reasonable grounds to believe that its registration and use of the domain name <PointLookout.com> was a fair use or otherwise lawful use.

36. Plaintiff's registration and use of the domain name <PointLookout.com> does not violate federal trademark law and is wholly permissible under both federal and state trademark laws.

37. In connection with the registration of the domain name <PointLookout.com>, Plaintiff had no bad faith intent to profit from Defendants' non-existent trademark rights in the term "Point Lookout" for any product or service of Defendants, as contemplated by 15 U.S.C. § 1125(d)(1)(A)(i).

38. Defendants have no U.S. based federal or common law rights in the term "Point Lookout" and Plaintiff neither had nor has any intent to divert consumers from Plaintiff's online location to a site that could harm any goodwill represented by Defendants' non-existent mark, either for commercial gain or with the intent to tarnish or disparage the non-existent mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

39. The domain name <PointLookout.com> contains no mark that is either distinctive or famous within the meaning of 15 U.S.C. § 1125(c).

## COUNT II

## INJUCTIVE RELIEF

40. Plaintiff incorporates paragraphs 1-39 as if set forth in full herein.

41. The contract under which the domain name is registered to Plaintiff is between the Plaintiff and Web.com, a domain name registrar in the United States, and the situs of the contract is within the United States.

42. The Defendants' threats against Plaintiff's enjoyment of the domain name registration with Web.com further include claims of threatened action outside of the United States for the purpose of depriving Plaintiff of the domain name.

43. The Plaintiff therefore seeks an injunction barring the registrar from depriving the Plaintiff of the benefits of its registration contract premised on actions undertaken by the Defendant abroad for the purpose of depriving the Plaintiff of its rights under the contract between the Plaintiff and the registrar.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Declaration by the Court, pursuant to 28 U.S.C. §2201, that plaintiff's registration, ownership and use of the <PointLookout.com> domain name is lawful and proper and does not infringe on any right the Defendants may claim in the United States;

B. Declaration that the Plaintiff is not required to transfer the <PointLookout.com> domain name to the Defendants;

C. Enter a permanent injunction enjoining the Registrar from transferring the <PointLookout.com> domain name to Defendants;

D. Enter a permanent injunction enjoining Defendants from issuing further threats, unwanted communications and fraudulent communications to the Plaintiff; and against Defendants' counsel from

engaging in direct communications with Plaintiff;

    E. Award damages to Plaintiff, to the extent damages are available; and

    F. Award Plaintiff such other relief as the Court deems just and proper.

Plaintiff demands a trial by jury.

Date: <u>July 10, 2017</u>           */s/Darren Spielman*
                                 Darren Spielman (FL Bar 010868)
                                 dspielman@complexip.com
                                 Robert Kain (FL Bar 266760)
                                 rkain@complexip.com
                                 Kain Spielman, P.A.
                                 900 SE 3rd Ave. Suite, 205
                                 Ft. Lauderdale, FL 33316
                                 Tel: 954-768-9002
                                 Fax: 954-768-0158
                                 Attorneys for Plaintiff

                                 John Berryhill, Ph.D., Esq.
                                 (*pro hac vice* to be filed)
                                 john@johnberryhill.com
                                 204 East Chester Pike
                                 First Floor, Suite 3
                                 Ridley Park, PA 19078
                                 (610) 565-5601
                                 Attorneys for Plaintiff