**Darren Spielman**

| | |
|---|---|
| **From:** | Brett Tolpin <brett@tolpinlaw.com> |
| **Sent:** | Tuesday, July 11, 2017 9:12 AM |
| **To:** | Darren Spielman |
| **Subject:** | RE: 0:17-cv-61359-DMM Worldwide Media, Inc. v. Adams Communications, Inc. et al |

Mr. Spielman,

Receipt of your e-mail is confirmed.

Regards,

Brett M. Tolpin
Attorney
T (312) 698-8971
**Tolpin & Partners PC**

**From:** Darren Spielman [mailto:dspielman@complexip.com]
**Sent:** Monday, July 10, 2017 4:04 PM
**To:** Brett Tolpin <brett@tolpinlaw.com>
**Cc:** Darren Spielman <dspielman@complexip.com>; John Berryhill, Ph.d., Esq. <john@johnberryhill.com>
**Subject:** 0:17-cv-61359-DMM Worldwide Media, Inc. v. Adams Communications, Inc. et al

Dear Mr. Tolpin,
　　We are local counsel representing Worldwide Media Inc., in connection with the captioned lawsuit. Mr. Berryhill identified you as the last point of contact counsel for Defendants Bryan Adams and Adams Communications, Inc. We have prepared the attached waiver of service (and accompanying originating documents) being sent as a courtesy via email but also being sent via Federal Express. Please confirm receipt of this email, regardless of your clients' choice about the waiver. Thank you.


**Darren Spielman, Esq.**
**Kain Spielman, P.A.**
**Intellectual Property Attorneys**
**900 S.E. 3rd Ave., Suite 205**
**Ft. Lauderdale, FL 33316**
**954-768-9002**
**954-768-0158 (fax)**

ComplexIP.com®
dspielman@ComplexIP.com

**Facebook: www.facebook.com/ComplexIP**
**Twitter: https://twitter.com/ComplexIPlaw**
**Blog:** https://www.complexip.com/blog/


This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient,

1

you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please destroy the file.

EXHIBIT A

# Kain Spielman, P.A.
Intellectual Property Attorneys

COMPLEXIP.COM

Patent - Trademark - Copyright - Computer Law
Trade Secret - Domain Disputes - Defamation

900 Southeast Third Avenue, Suite 205
Fort Lauderdale, Florida 33316
Telephone:  (954) 768-9002
Facsimile:   (954) 768-0158

ComplexIP.com®

Robert C. Kain, Jr.        rkain@ComplexIP.com
Darren Spielman      dspielman@ComplexIP.com
Nicole Valdivieso     nvaldivieso@ComplexIP.com

July 10, 2017

VIA EMAIL AND MAIL

Brett M. Tolpin
Tolpin & Partners, PC
100 N. LaSalle Street, Suite 501
Chicago, IL 60602
Phone: (312) 698-8971
Fax: (312) 803-9602
brett@tolpinlaw.com

Re:   Worldwide Media, Inc. v. Bryan Adams and Adams Communications, Inc.
       Southern District of Florida (Case No. 17-CV-61359-DMM)
       Our Ref: 5364-01

Dear Mr. Tolpin:

     We represent Worldwide Media, Inc. in the above captioned case. Your law firm was the last listed point of contact on behalf of the listed Defendants regarding the matter. Enclosed please find a waiver of service of summons in accordance with Federal Rule 4 for each listed Defendant. We also enclose a full copy of the filed complaint for each defendant and prepaid means to return one signed copy of the waiver. If you have any questions, please do not hesitate to ask.

                                   Sincerely,
                                   */s/Darren Spielman*

                                   Darren Spielman
encl.                                for the Firm

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Worldwide Media, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 17-cv-61359 |
| Bryan Adams; Adams Communications, Inc. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Adams Communications, Inc. and/or Brett Tolpin
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/10/2017, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/10/2017

_____
*Signature of the attorney or unrepresented party*

Adams Communications, Inc.
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

EXHIBIT A

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Worldwide Media, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 17-cv-61359 |
| Bryan Adams; Adams Communications, Inc. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Bryan Adams and/or Brett Tolpin
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/10/2017, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/10/2017

_____
*Signature of the attorney or unrepresented party*

Bryan Adams
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

EXHIBIT A