**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Worldwide Media, Inc., a Florida    Case No. 17-cv-61359-DMM
Corporation,

    Plaintiff,

vs.

Bryan Adams, an individual and
Adams Communications Inc., a Canadian
Corporation

**PLAINTIFF'S STATUS REPORT REGARDING SERVICE OF PROCESS**

Plaintiff, Worldwide Media, Inc., (herein "Plaintiff" or "Worldwide Media") files this status report as required by this Court's Order (DE 13) regarding the status of service on the foreign Defendants.

This Action arises from a number of serious and urgent accusations, including allegations of criminal acts, which Defendants directed to the Plaintiff. The prelitigation actions by Defendants included demands that the accusations be urgently addressed.  Upon filing this Action, Plaintiff thus had every reason to believe the Defendants desired to litigate these allegations. Plaintiff was surprised that Defendant refused to waive service, and now shows indications of evasive behavior which has delayed attempts to effect service via the Hague Convention.  Plaintiff further believes that Defendants are fully informed of this action.

Pursuant to the Court's order dated October 17, 2017 (DE 13), Plaintiff submits this update regarding the status of foreign service on Defendants under the Hague Convention.  After Defendants' pre-litigation U.S. counsel failed to waive service and ceased communicating, Plaintiff engaged an agent for effecting service on Defendants' published place of business (See Affidavit of John Berryhill,

1

Exhibit A), and was advised by such agent that the expected time for obtaining a return of service would be at least 3-4 months. (See Affidavit of John Berryhill, Exhibit B)

Service attempts on Defendants were directed to Defendants' place of business as published by Defendants in connection with their online presence at www.bryanadams.com. (See Affidavit of John Berryhill, Exhibit C). In connection with individual Defendant Bryan Adams, the Deputy Sheriff was informed upon a first visit that the individual Defendant resides in the UK, and that the person in charge of the office was unavailable to speak. Similar results were obtained by the Deputy Sheriff upon a second visit. In relation to the corporate Defendant, Adams Communications Inc., the foreign agent forwarded a return of service to Plaintiff's counsel stating, again, that the individual Defendant does not reside at the corporate Defendant's registered business address. However, the return of service obtained from the corporate Defendant is silent as to service upon the corporate Defendant.

In relation to the individual Defendant's UK residential address, Plaintiff's counsel has found that the Defendant takes extraordinary measures to avoid disclosure thereof. (e.g., Bryan Adams speculates police leaked 'stalking' story to Sun, The Guardian (UK), 29 February 2012, <https://www.theguardian.com/media/2012/feb/29/bryan-adams-police-sun-leveson>). The individual Defendant maintains an itinerant schedule, which has recently included a performance in this District, originally scheduled for Friday, 8 September 2017, but which was cancelled due to Hurricane Irma. Defendant had announced that his presence in this District would be postponed, but that performance has since been cancelled.

In relation to the corporate Defendant, the Plaintiff reasonably believes that staff at Defendants' place of business have been instructed to evade service. Plaintiff's U.S. and U.K. counsel have been fully informed of this Action in connection with the request to waive service undertaken at the outset of this Action. A Deputy Sheriff has twice visited the Defendants' place of business in order to serve the individual Defendant and the corporate Defendant. It is apparent from the return of service obtained,

that while the staff at Defendants' place of business have repeatedly stated that the individual Defendant has not been physically present, the staff have been silent as to the corporate Defendant registered to do business at the address where service has been directed.  Plaintiff's counsel is currently seeking clarification from the agent for service of process as to why none of the documents received by Plaintiff's counsel address the subject of service directed to the corporate Defendant.  Accordingly, Plaintiff's counsel reasonably believes that the staff at Defendants' location of business have been instructed to consistently refer to the physical absence of the individual Defendant from his place of business, in order to avoid confirming that Defendant's registered place of business is indeed located at its registered address.

     Having received the attached documents within the last week, Plaintiff seeks additional time to clarify with Plaintiff's agent the status of service on the corporate Defendant, which is likewise the itinerant individual Defendant's business office, due to the ambiguity noted above in the papers which Plaintiff's counsel received on 8 January 2018.  In the alternative, Plaintiff seeks leave to move for alternative service on Defendants' pre-litigation U.S. counsel who, prior to going silent upon the filing of this Action, had affirmed that such counsel represents Defendants in the matter on which this Action is premised.

Date: <u>January 16, 2018</u>　　　　　　　　　　*/s/Darren Spielman*
　　　　　　　　　　　　　　　　　　　　　　　Darren Spielman (FL Bar 010868)
　　　　　　　　　　　　　　　　　　　　　　　dspielman@complexip.com
　　　　　　　　　　　　　　　　　　　　　　　Robert Kain (FL Bar 266760)
　　　　　　　　　　　　　　　　　　　　　　　rkain@complexip.com
　　　　　　　　　　　　　　　　　　　　　　　Kain Spielman, P.A.
　　　　　　　　　　　　　　　　　　　　　　　900 SE 3rd Ave. Suite, 205
　　　　　　　　　　　　　　　　　　　　　　　Ft. Lauderdale, FL 33316
　　　　　　　　　　　　　　　　　　　　　　　Tel: 954-768-9002
　　　　　　　　　　　　　　　　　　　　　　　Fax: 954-768-0158
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　　　　　　John Berryhill, Ph.D., Esq.
　　　　　　　　　　　　　　　　　　　　　　　(*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　john@johnberryhill.com

204 East Chester Pike
First Floor, Suite 3
Ridley Park, PA 19078
(610) 565-5601
Attorneys for Plaintiff