**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| WORLDWIDE MEDIA, INC., | ) | |
| | ) | Case Number: 17-cv-61359-DMM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN ADAMS and ADAMS | ) | |
| COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT SCHEDULING REPORT**

Pursuant to S.D. Fla. L.R. 16.1, the parties conducted a Scheduling Conference on March 23, 2018 and as a result, and pursuant to this Court's Order Requiring Parties to meet and File Joint Scheduling Report, present this Joint Scheduling Report. The Court previously issued a Pretrial Scheduling Order (DE 9) which included a Pretrial Schedule, whereby those deadlines were stayed while the foreign Defendants were being served. As a result, the parties seek to provide suggested replacement dates for the pretrial schedule.

The parties agree that this case should proceed on the Standard Track, as defined in S.D.Fla.L.R. 16.1(a)(2)(B), however, the parties have proposed certain specific case deadlines set forth below.

Addressing the factors listed in S.D.Fla.L.R. 16.1(a)(2)(B), the parties would state the following:

**(1).    The Likelihood of Settlement.**

Prior to suit, the parties engaged in preliminary settlement discussions before reaching an

Case Number:  17-cv-61359-DMM

impasse.  Although the Parties will participate in mediation, at this time, they do not currently foresee settlement.

**(2).   The Likelihood of Appearance in the Action of Additional Parties.**

It is unlikely that additional parties will need to be joined.  Nonetheless, the parties reserve the right to name additional parties within the time limits proposed below.

**(3).   Proposed Limits on the Time:**

a.   To exchange initial disclosures: April 26, 2018 (14 days after the responsive pleading date for Defendant Adams Communication DE 22)

b.   To join other parties and amend pleadings: July 17, 2018

c.   To complete fact discovery: August 24, 2018

d.   Identification of expert witnesses: September 14, 2018

e.   To complete expert witness discovery: October 26, 2018 (The Parties seek to have the expert discovery and identification of experts to be at the end of the fact discovery process)

f.   To file dispositive motions:  December 7, 2018

g.   Calendar Call: January 29, 2019

f.   Two week trial period: February 4, 2019

**(4).   Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

The parties will endeavor to cooperate to simplify and streamline the issues in this action and prevent any frivolous claims or defenses.

**(5).   The Necessity or Desirability of Amendments to the Pleadings.**

At this time, the Plaintiff does not anticipate the need to amend its pleading.   Defendants have not yet filed a responsive pleading, and therefore Plaintiff is unsure regarding the extent and

Case Number: 17-cv-61359-DMM

necessity of such amended pleadings. The Parties necessarily reserve the right to request leave to amend their pleadings following further determinations made through discovery in this case, and agree to consult with each other to avoid unnecessary disputes regarding any such amendment(s).

**(6). The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on admissibility of Evidence.**

The parties will endeavor to cooperate in obtaining admissions as to material facts, wherever possible, as well as the authenticity of documents, in order to avoid unnecessary proof.

With regard to electronically stored information, production of electronic documents shall be Bates numbered PDF or TIFF images with extracted data, which shall be OCR searchable, or in native format. Excel spreadsheets that are so large that they cannot easily be viewable as PDF or TIFF images shall be produced in native format. If the use of native format requires proprietary software, the producing party shall inform the requesting party of that fact. The parties will additionally endeavor to agree to procedures governing the discovery and production of electronic documents and electronically stored information in the future as any specific needs arise. To the extent the parties are unable to agree on procedures, they will seek guidance from the Court.

If a party through inadvertence produces or provides discovery that it believes is subject to a claim of an applicable privilege and/or the work product doctrine, the producing party may give written notice to the receiving party or parties that the document, information or material is subject to a claim of privilege and/or the work product doctrine and request that the document, information, or material be returned to the producing party. The receiving party or parties shall immediately return to the producing party such document, information or material, including any and all copies thereof, whether electronic and/or hard copy. Return of the document, information, or material by the

Case Number:  17-cv-61359-DMM

receiving party shall not constitute an admission or concession, or permit any inference that the returned document, information or material is, in fact, properly subject to a claim of privilege and/or the work product doctrine, nor shall it foreclose any party from moving the Court for an order that such document, information, or material has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production.

**(7).  Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.**

No specific suggestions exist at present; however, the parties will remain attentive to accomplishing this objective.

**(8).  Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

The parties recognize that any discovery issues in this action will be referred to the Magistrate Judge.  The parties have not presently agreed to refer any other matters to the Magistrate Judge. The parties do not consent to trial and final disposition by a Magistrate Judge.

**(9).  A Preliminary Estimate of the Time Required for Trial.**

The Complaint requests a jury trial and the Plaintiffs presently anticipate 2-3 trial days would be required.  The parties are discussing waiving a jury trial which would shorten the expected length of trial.

**(10).  Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial.**

In addition to those set forth above in section 3, the Parties would seek a trial date of February 2019

**(11).  Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

At this time, the parties have no other information which would be helpful to the Court in setting this case for status or pretrial conference.

**(12).   Joint Proposed Scheduling Order**

In light of the Court's prior pretrial schedule Order (DE 09), which sought any requests for modification to be brought before the Court, the parties request the modifications as provided in Section (3) above. If the Court prefers a separate Order pursuant to SDFL Local Rule 16.1(b)(3), the parties will submit same.

**(13). Jury/Non-Jury**

Plaintiff has requested a trial by jury.

**(14). Other Requirements Listed in the Pretrial Order, ECF. No. 9.**

**14.1 Estimated Valuation of the case from the perspective of the parties:** At this time Plaintiff cannot estimate its damages. Defendants do not believe they have damaged Plaintiff in any way.

**14.2 Initial Disclosures:** The Parties have agreed to provide their initial disclosures by April 26, 2018.

**14.3 The subjects on which discovery is needed.** As for Plaintiff: the scope of any alleged trademark rights claimed by Defendants in connection with the domain at issue, the factors of the ACPA and the Lanham Act. As for Defendants: the factual basis for Plaintiff's request for damages, as stated in the Complaint.

**14.4 Whether the parties can agree to limit discovery on particular issues through stipulation.** The parties agree to meet and confer on any discovery disputes and to limit their discovery requests, as applicable, in an effort to reach agreement on such discovery prior to seeking court intervention.

**14.5 What document discovery is needed:** Plaintiff intends to issue a first round of discovery, requests for production, interrogatories, and requests for admission to Defendants. Depositions will be planned subsequent to the receipt of substantive discovery responses. Given the foreign nature of Defendants, additional time is likely needed for scheduling. Defendants intend to issue a first round of written discovery, which may include requests for production, interrogatories, and requests for admissions to Plaintiff.

**14.6 Whether discovery should be conducted in phases.** Plaintiff prefers that depositions follow the interrogatories and document and ESI production requests. To the extent that experts are needed they shall follow the fact discovery process. Defendants do not believe that fact discovery needs to be separated into phases, but Defendants do believe that if any expert discovery is needed it should occur after the close of fact discovery.

**14.7 ESI Discovery:** The parties agree that they will cooperate in good faith regarding the disclosure and formulation of appropriate search methodology, terms and protocols in advance of any ESI search. With the objective of limiting the scope of review and production, and thereby reducing discovery burdens, the parties agree to meet and confer as early as possible, and in advance of any producing party search commencement, to discuss, inter alia: Search methodology (Boolean, technology assisted review); Pre-search-commencement disclosure of all search terms, including semantic synonyms. Semantic synonyms shall mean without limitation code words, terms, phrases or illustrations, acronyms, abbreviations, or non-language alphanumeric associational references to relevant ESI, or information that may lead to relevant ESI; Search protocol (algorithm selection, etc.); Post-search error sampling and sampling/testing reports.

The parties will continue to meet and confer regarding any search process issues as necessary and appropriate. Nothing in this protocol, or the subsequent designation of any search

terms, shall operate to limit a party's obligations under the Federal Rules of Civil Procedure and applicable decisional authority to otherwise search for and produce any requested non-privileged relevant evidence, or information that could lead to relevant evidence. This ESI protocol does not address or resolve any other objection to the scope of the parties' respective discovery requests.

The parties anticipate ESI related to email communications, the domain at issue, and Plaintiff's and Defendants' business activities as maintained on their respective computer systems or servers.

Regarding costs, if either party objects to producing the requested information on the grounds that such information is not reasonably accessible because of undue burden or cost, or because production in the requested format is asserted to be not reasonably accessible because of undue burden or cost, and before asserting such an objection, the responding party will inform the requesting party of the format in which it is willing to produce it, the nature and location of the information claimed to not be reasonably accessible, the reason(s) why the requested form of production would impose an undue burden or is unreasonably costly, and afford the requesting party 10 business days from receipt of such notice to propose an alternative means of compliance with the request. Such proposal may include alternative cost estimates for ESI discovery production, may offer a proposal for ESI discovery cost allocation, or both.

**14.8 Depositions planned by each party:**  As for Plaintiff: Each named defendant and/or corporate representative.  As for Defendants:  A corporate representative of Plaintiff.

**14.9 Any issues about claims of privilege or of protection as trial-preparation materials, including if the parties agree on a procedure to assert these claims after production- whether to ask the Court to include their agreement in an Order under FRE 502:**
The Parties intend on submitting to the Court a motion for a Stipulated Order regarding confidential information. The parties anticipate that the protective order will include two "tiers" of confidentiality – one that applies to documents and information that may be shared with

employees and representatives for each of the parties and one that restricts certain highly confidential documents and information to outside counsel only.

**14.10 What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules:**

The Parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

**14.11 Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful:**

At this time the Parties do not anticipate that an early mediation/settlement conference will be helpful to resolve this case.

Dated: March 29, 2017

Respectfully submitted,

By: /s Darren Spielman
Darren Spielman (FL Bar 010868)
dspielman@complexip.com
Robert Kain (FL Bar 266760)
rkain@complexip.com
900 SE 3rd Ave., Suite 205
Ft. Lauderdale, FL 33316
Tel: (954) 768-9002
Fax: (954) 768-0158

John Berryhill, Ph.D., Esq.
(*pro hac vice* to be filed)
john@johnberryhill.com
204 East Chester Pike
First Floor, Suite 3
Ridley Park, PA 19078
Tel: (610) 565-5601

Attorneys for Plaintiff

By: /s  Mark E. Stein
Mark E. Stein, Esq. (FBN 818666)
MARK STEIN LAW
2999 N.E. 191st Street, Suite 330
Aventura, Florida 33180
mark@markstein.com
Tel: (305) 356-7550

Brett M. Tolpin
Mark R. Bagley (pro hac vice to be filed)
TOLPIN & PARTNERS, PC
100 N. LaSalle Street, Suite 501
Chicago, IL 60602
brett@tolpinlaw.com
mark@tolpinlaw.com
Phone: (312) 698-8971
Fax: (312) 803-9602

Attorneys for Defendants

Case Number: 17-cv-61359-DMM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **JOINT SCHEDULING REPORT** was filed and served ECF, or via email if necessary to the following:

Mark E. Stein, Esq. (FBN 818666)
MARK STEIN LAW
2999 N.E. 191st Street, Suite 330
Aventura, Florida 33180
mark@markstein.com
Tel: (305) 356-7550

Brett M. Tolpin
Mark R. Bagley
TOLPIN & PARTNERS, PC
100 N. LaSalle Street, Suite 501
Chicago, IL 60602
brett@tolpinlaw.com
mark@tolpinlaw.com
Phone: (312) 698-8971
Fax: (312) 803-9602

Attorneys for Defendants

on this 29th day of March, 2018.

                                                /s/ Darren Spielman
                                                Darren Spielman