IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| WORLDWIDE MEDIA, INC., | ) | |
| | ) | Case Number: 17-cv-61359-DMM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN ADAMS and ADAMS | ) | |
| COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Bryan Adams and Adams Communications, Inc. ("ACI") respectfully move this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2). This Court lacks personal jurisdiction over both Mr. Adams and ACI, because neither has had the type of contacts with Florida which would create such personal jurisdiction for purposes of the present action. Mr. Adams and ACI submit the following memorandum of law which more fully sets out the reasons why this motion should be granted.

*Case Number:  17-cv-61359-DMM*

## MEMORANDUM OF LAW

### Factual Background

This is an action for a declaratory judgment and injunctive relief concerning an internet domain name, *pointlookout.com*, currently registered to Plaintiff Worldwide Media, Inc.  The Defendants are a Canadian citizen (Mr. Adams) and a Canadian company (ACI) with a place of business in Vancouver, British Columbia, Canada.  Declaration of Bryan Adams Dated April 11, 2018, attached as Exhibit A hereto ("Adams Dec.") at ¶¶ 2, 4.

ACI does not have any offices or own any property in Florida.  Adams Dec. ¶ 5.  ACI does not have any employees or agents located in Florida.  *Id*. at ¶ 6.  ACI does not do any regular business in Florida, nor does it have a Florida business license.  *Id*. at ¶ 7.  Mr. Adams does not own any property in Florida, nor does he have any agents in Florida.  *Id*. at ¶¶ 8-9.  Mr. Adams, a musician, has given a total of three musical performances within Florida in the past four years.  *Id*. at ¶ 10.

### Argument

**I.     This Court Lacks Personal Jurisdiction Over Both Defendants.**

**A.  The Legal Framework for Analyzing Personal Jurisdiction**

A federal court's exercise of personal jurisdiction over a non-resident defendant requires a two-part analysis.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  First, the court must determine if there is a basis for asserting jurisdiction under the forum state's long-arm statute.  *Id*.  If there is such a basis, the court then analyzes whether "sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id*. (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95

(1945)). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara*, 916 F.2d at 1514.

### B. No Personal Jurisdiction Exists Under Florida's Long-Arm Statute.

"The reach of the Florida long-arm statute is a question of Florida law." *Madara*, 916 F.2d at 1514; *see also RC3, Inc. v. Bieber*, 2012 WL 4207457, *3 (M.D. Fla., Sept. 18, 2012). The Florida long-arm statute provides for two distinct types of personal jurisdiction: specific personal jurisdiction and general personal jurisdiction. *RC3*, 2012 WL 4207457 at *3. Specific personal jurisdiction over a nonresident defendant exists "only when the plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum state." *Id*. On the other hand, general personal jurisdiction over a particular defendant exists when that defendant "'engaged in a substantial and not isolated activity' within Florida, irrespective of whether the claim asserted arises from that activity." *Id*. (citing *Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

This Court does not have general personal jurisdiction over either Mr. Adams or ACI, because neither one of them is engaged in any type of substantial, non-isolated activity within Florida. The Complaint (Docket No. 1) makes absolutely no allegations about any substantial, systematic, or non-isolated activities by Mr. Adams or ACI in Florida. As described above, ACI does not have any offices, own any property, or have any employees or agents in Florida. Adams Dec. ¶¶ 5-6. ACI does not do any regular business in Florida, nor does it have a Florida business license. *Id*. at ¶ 7. Mr. Adams does not own any property in Florida, nor does he have any agents in Florida. *Id*. at ¶¶ 8-9. Mr. Adams' three musical performances within Florida in the past four years (*see id*. at ¶ 10) were the type of isolated activities which do not give rise to general personal jurisdiction. *Compare to RC3*, 2012 WL 4207457 at *4-5 (no personal

3

jurisdiction over singer Justin Bieber despite his thirteen performances or appearances in Florida in previous four years).

At the same time, this Court does not have specific personal jurisdiction over either Mr. Adams or ACI. The only contacts alleged in the Complaint between Mr. Adams or ACI and Florida stem from the cease-and-desist correspondence from a London-based reputation management firm called Web Sheriff made on behalf of Mr. Adams and ACI. *See* Complaint ¶ 19 and Exhibit A thereto. However, "a cease-and-desist letter does not constitute '[o]perating, conducting, engaging in, or carrying on a business or business venture in this state,' as required under the specific jurisdiction statute." *RC3*, 2012 WL 4207457 at *5 (citing *Nida Corp. v. Nida*, 118 F.Supp.2d 1223, 1228 (M.D. Fla. 2000)). *See also Virgin Health Corp. v. Virgin Enterprises, Ltd.*, 393 Fed.Appx. 623, 626 (11th Cir. 2010) (sending a cease-and-desist letter into Florida does not in itself create specific personal jurisdiction under Florida long-arm statute). As a result, the cease-and-desist correspondence from Web Sheriff does not create specific personal jurisdiction over Mr. Adams or ACI. There are no other alleged contacts with Florida related to the subject matter of the lawsuit, which is the *pointlookout.com* domain name. Mr. Adams' musical performances within Florida do not create specific personal jurisdiction, as those performances are not related to the alleged attempts to recover the *pointlookout.com* domain name. *See RC3*, 2012 WL 4207457 at *5 ("This Court finds that intermittent concert performances and recording sessions are not directly related to the activity for which Bieber is being sued – asserting and policing his trademark and other intellectual property rights …"). This Court therefore has neither specific nor general personal jurisdiction over Mr. Adams or ACI, and as a result the present action must be dismissed.

### C. Assertion of Personal Jurisdiction Over Defendants by This Court Would Violate Constitutional Due Process.

Although the lack of personal jurisdiction pursuant to the Florida long-arm statute should be sufficient to trigger dismissal without any further analysis, assertion of personal jurisdiction over Mr. Adams or ACI would also violate the due process requirements of the federal Constitution. "[T]he determination of whether the assertion of personal jurisdiction over a nonresident defendant comports with due process is itself a two-prong inquiry. First, we decide whether [the defendant] has established 'minimum contacts' with Florida. Second, we decide whether the exercise of personal jurisdiction over [the defendant] would offend 'traditional notions of fair play and substantial justice.'" *Madara*, 916 F.2d at 1515-16 (citing *Williams Electric Co. v. Honeywell, Inc.*, 854 F.2d 389, 392 (11th Cir. 1988)).

Again, the only contact between either Mr. Adams or ACI and the state of Florida alleged in the Complaint is the cease-and-desist correspondence from Web Sheriff made on behalf of Mr. Adams and ACI. Various federal courts have held that under the constitutional due process analysis, "cease-and-desist letters alone do not suffice to justify personal jurisdiction. Specifically, such letters cannot satisfy the second prong of the Due Process inquiry." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). *See also Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006) (in constitutional due process analysis "[a] cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter"). As a result, assertion of personal jurisdiction over Mr. Adams or ACI by this Court would violate constitutional due process.

## Conclusion

This Court lacks personal jurisdiction over either of Mr. Adams or ACI. The sole alleged basis for such personal jurisdiction, the cease-and-desist correspondence sent to Plaintiff Worldwide Media, Inc., does not create personal jurisdiction under either the Florida long-arm statute or the constitutional due process analysis. As a result, this Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2).

Pursuant to Local Rule 7.1(a)(3), Defendants' counsel Mark Bagley conferred with Plaintiff's counsel Darren Spielman via telephone on April 11, 2018 in a good-faith effort to resolve the issues raised by this motion. Counsel were unable to achieve a resolution of those issues.

Date:   April 12, 2018

Respectfully submitted,

By:\_\_\_\_/s/  *Mark E. Stein*_____
Mark E. Stein (FBN 818666)
MARK STEIN LAW
2999 N.E. 191st Street, Suite 330
Aventura, Florida 33180
 (305) 356-7550

Mark R. Bagley (*pro hac vice*)
TOLPIN & PARTNERS, PC
100 North LaSalle Street, Suite 501
Chicago, Illinois 60602
(312) 698-8971

*Attorneys for Defendants Bryan Adams and Adams Communications, Inc.*

*Case Number: 17-cv-61359-DMM*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing Generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ *Mark E. Stein*

## SERVICE LIST

Darren Spielman (dspielman@complexip.com)  
Robert Kain (rkain@complexip.com)  
900 SE 3rd Ave., Suite 205  
Fort Lauderdale, Florida 33316

John Berryhill, Ph.D., Esq.  
(john@johnberryhill.com)  
204 East Chester Pike  
First Floor, Suite 3  
Ridley Park, Pennsylvania 19078