IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WORLDWIDE MEDIA, INC., ) | |
| ) | Case Number:  17-cv-61359-DMM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRYAN ADAMS and ADAMS ) | |
| COMMUNICATIONS, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND
TO DEFENDANTS' MOTION TO DISMISS SO THAT PLAINTIFF
CAN CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

Plaintiff Worldwide Media, Inc. ("Worldwide") respectfully requests an extension of time to conduct limited jurisdictional discovery for a 45 day period after this Court rules on this motion and thereafter file a response in opposition to Defendants Bryan Adams and Adams Communications, Inc. (Collectively "Adams") Motion to Dismiss (DE 32).

Background and Procedural Posture

Adams' Motion to Dismiss (DE 32) is solely premised on a claim that there is lack of personal jurisdiction over both of the Defendants under Fed. R. Civ.P. 12(b)(2). It is possible for Worldwide to file an opposition brief to the Motion to Dismiss as it currently stands, but Worldwide believes that additional facts and information necessitate a delay so that jurisdictional discovery can provide further support.

Adams' Motion to Dismiss attempts to check off the boxes necessary to allege lack of personal jurisdiction. Interestingly, it is what the motion does not say and what Bryan Adam's affidavit also does not say. There is no discussion in the Motion to Dismiss or the Bryan Adams'

- 1 -

affidavit about the alleged intellectual property rights (eg. alleged common law trademarks and alleged copyrights, etc.) claimed by both Defendants in the threat letter. (Attached hereto as Exh. A) Worldwide believes that Adams has no common law trademark rights to the term "POINT LOOKOUT". The Motion to Dismiss has no discussion regarding alleged intellectual property rights in connection with the Adams Real Property referenced in the threat letter. This case directly involves Adams' alleged intellectual property rights, or more properly, the lack thereof. Adams' silence on these topics, a prominent portion of this case, displays the faulty foundation supporting this challenge to personal jurisdiction. The inquiry of personal jurisdiction must focus on the claims at issue in this case.

Worldwide believes that the Complaint sufficiently alleges jurisdiction and the Motion to Dismiss could be denied as it currently stands. First, Adams original cease and desist threat letter explicitly invokes and contemplates jurisdiction in the U.S. (See DE 1-1, also attached hereto as Exh. A). Adams' threat letter states, inter alia, "…Court proceedings are now contemplated against you in – inter alia – the United States, Canada, the United Kingdom, France, Saint Vincent & the Grenadines and Bulgaria (hereinafter referred to as the 'Multi-Jurisdictional Proceedings')." (See DE 1-1). Adams threat letter also states:

> [W]e would highlight that the Infringing Site and the Primary Point Lookout Domain Name are currently being commercially exploited in a manner that seemingly **violates – inter alia – United States federal, California state**, European Union, United Kingdom and international consumer protection laws, criminal laws and money-laundering laws, by way of engaging in deceptive trade practices and by misleading members of the public in general and on-line consumers in particular. Needless to say, our clients / principals shall not hesitate to also pursue both regulatory and criminal remedies in conjunction with the pertinent authorities **in each applicable jurisdiction**.

DE 1-1 (emphasis added)

Adams threat letter additionally states: "…the breach of US, EU and UK consumer

- 2 -

protection legislation and compliance regulations in respect of your web-site and abuse procedures, the right to subpoena all historical records relating to the Infringing Site and the Primary Point Lookout Domain Name, the right to report you to the appropriate, governmental and federal authorities and the right to pursue criminal proceedings in respect of your seemingly fraudulent registration of the Primary Point Lookout Domain Name) remain reserved in full." (DE 1-1).

Therefore on at least three separate instances within the threat communication, Adams invokes U.S. law and jurisdiction and specifically states it is contemplating an action in the U.S. This is not a simple cease and desist letter as Adams would have the Court believe. The Complaint explicitly recites key portions of the threat letter attached as Exhibit A, and the letter is therefore incorporated by reference. (See DE 1 ¶19). Adams' Motion to Dismiss references the threat letter, but fails to actually discuss or provide any substantive discussion of such letter for the Court. The Motion to Dismiss is silent on the actual topics which are the subject of the Declaratory Judgement action claims and which ultimately create and/or assist in further establishing jurisdiction. Defendants should not be able to send threats to a U.S. entity, whereby they claim U.S. intellectual property rights and allege U.S. law violations, but when the threatened party files a responsive Declaratory Judgment Action, Defendants magically change their mind regarding U.S law. Without any alleged connection to the U.S., Defendants have admitted that they therefore have no U.S. based intellectual property rights and this Court could rule *sua sponte* in favor of Plaintiff. Defendants cannot use their allegations as a sword and a shield.

Despite Worldwide's belief that the Motion to Dismiss is deficient on its face, there remains a need to conduct limited jurisdictional discovery to rebut the very general and carefully

crafted affidavit denials by Bryan Adams with regards to his alleged connection with this jurisdiction, individually and through Adams Communications, Inc. Worldwide believes a more complete record, through the use of jurisdictional discovery, will assist the Court in a substantive decision on the Motion to Dismiss.

Legal Authority

  The Court has the authority to grant this request for jurisdictional discovery, coupled with a short extension of time to respond to the Motion to Dismiss. See *ACLU v. City of Sarasota*, 859 F. 3d 1337, 1341 (11th Cir. 2017) (internal citations omitted) ("[P]arties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact — for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) - may require some limited discovery before a meaningful ruling can be made."); *United Healthcare of Florida, Inc. v. American Renal Associates Holdings, Inc.*, 2016 U.S. Dist. LEXIS 188785, 2016 WL 8794534, *2 (S.D. Fla. 2016) ("Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.") (collecting cases); *Nutramedics, Inc. v. Blackstone Nutrition, Inc.*, 2009 U.S. Dist. LEXIS 138123, 2009 WL 10668148, *2 (S.D. Fla. 2009) (same); *Gibson v. NCL Bahamas*, 2012 U.S. Dist. LEXIS 74602, 2012 WL 1952670, *3 (S.D. Fla. 2012) (allowing jurisdictional discovery when the plaintiff did not delay in making the request and finding that "[w]ithout jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by Grupo Cacum's legal representative concerning the corporation's lack of

- 4 -

contacts with Florida"); *Commercial Indus. Americana v. Academy Roofing & Sheet Metal of Fla., Inc.*, 2012 U.S. Dist. LEXIS 198331, 2012 WL 13005796, *1 (S.D. Fla. 2012) ("The Court has ample authority to permit jurisdictional discovery, particularly where a motion to dismiss for lack of personal jurisdiction has been filed."); *Steinberg v. Barclay's Nominees (Branches) Ltd.*, 2007 U.S. Dist. LEXIS 89494, at *6, 2007 WL 4287662 (S.D. Fla. 2007) ("While some circuits allow jurisdictional discovery more freely than others, Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.").

<u>Scope of Jurisdictional Discovery</u>

Worldwide's jurisdictional discovery requests are narrowly tailored to cover the following three (3) interrogatories and four (4) requests for production directed at each Defendant respectively:

> Interrogatory No. 1: Identify all U.S. customers, including U.S. businesses, who rented or leased Defendants' Real Property. (Note: "Defendants' Real Property" shall mean real property which Defendants have claimed is named POINT LOOKOUT, located in the Isle of Mustique, Grenadines and/or as identified in Defendants' cease and desist letter, Complaint Exhibit A. (DE 1-1)).
> Interrogatory No. 2: Identify all U.S. distributed media or interactive online services, including but not limited to publications, magazines, papers, websites, emails and travel agency or vacation rental publications, in which ADAMS, or an authorized third party, advertised the availability of Defendants' Real Property for rental or lease.
> Interrogatory No. 3: Identify any affiliated entities of ADAMS that do business in the U.S., in connection with Defendants' Real Property.
> Request No. 1: Produce all contracts, agreements or other arrangements ADAMS has with real estate companies, vendors, or other third parties concerning any offer to rent or lease Defendants' Real Property.
> Request No. 2: Produce all communications sent by ADAMS to U.S. residents, received by ADAMS from U.S. residents, or sent or received by a third party with U.S. residents on behalf of ADAMS, seeking or offering rental or lease arrangements for Defendants' Real Property.
> Request No. 3: Produce all U.S. distributed media or interactive online services, including but not limited to publications, magazines, papers, websites,

   emails and travel agency or vacation rental publications, in which ADAMS, or an authorized third party, advertised the availability of Defendants' Real Property.
    Request No. 4: Produce documents concerning any affiliated entities of ADAMS that do business in the U.S., in connection with Defendants' Real Property.

  These jurisdictional discovery requests are limited in scope and time (namely from January 1, 2014 to present), and are tailored to the claims at issue in the case, namely matters around the alleged intellectual property rights.

  This motion is not made for the purpose of delay. The requested 45 day extension of time will allow Plaintiff the ability to conduct limited jurisdictional discovery so that Plaintiff can provide a substantive and complete opposition brief to the Motion to Dismiss. The extension of time will not prejudice Defendants. To the contrary, Defendants never raised this jurisdictional issue during the Parties Rule26(f) and Local Rule 16.1 conference and there was no mention of it by Defendants in the Parties Joint Scheduling Report (DE 25). As a result, the first time Plaintiff was informed of this claim of jurisdictional dispute was April 11, during the required L.R. 7.1 meet and confer, the day before Defendants' Motion to Dismiss was filed.

Relief

  WHEREFORE, Plaintiff Worldwide Media, Inc. requests the Court permit Plaintiff to conduct limited jurisdictional discovery for a 45 day period after this Court rules on this motion and thereafter file a response in opposition to Defendants' Motion to Dismiss.

**STATEMENT OF COMPLIANCE WITH L.R. 7.l(a)(3)**

  Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff certifies that counsel has conferred

both via email and via telephone conference with the parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Respectfully submitted,

Date: April 26, 2018 By: /s/Darren Spielman
Darren Spielman (FL Bar 010868)
dspielman@complexip.com
Robert Kain (FL Bar 266760)
rkain@complexip.com
900 SE 3rd Ave., Suite 205
Ft. Lauderdale, FL 33316
Tel: 954-768-9002
Fax: 954-768-0158
Attorneys for Plaintiff

John Berryhill, Ph.D., Esq.
(*pro hac vice*)
john@johnberryhill.com
204 East Chester Pike
First Floor, Suite 3
Ridley Park, PA 19078
(610) 565-5601
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS SO THAT PLAINTIFF CAN CONDUCT LIMITED JURISDICTIONAL DISCOVERY** was filed via CM/ECF and or served via email, as agreed by counsel, to:

Mark E. Stein, Esq. (FBN 818666)
MARK STEIN LAW
2999 N.E. 191st Street, Suite 330
Aventura, Florida 33180
mark@markstein.com
Tel: (305) 356-7550

Mark R. Bagley
TOLPIN & PARTNERS, PC
100 N. LaSalle Street, Suite 501
Chicago, IL 60602
mark@tolpinlaw.com
Phone: (312) 698-8971
Fax: (312) 803-9602

Attorneys for Defendants

on this 26th day of April, 2018.

                                        /s/ Darren Spielman
                                        Darren Spielman