**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case Number: 17-cv-61359-DMM

| | |
|---|---|
| WORLDWIDE MEDIA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRYAN ADAMS and ADAMS | ) |
| COMMUNICATIONS, INC. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR EXTENSION
OF TIME AND TO TAKE JURISDICTIONAL DISCOVERY**

Plaintiff Worldwide Media, Inc.'s ("Worldwide") April 26, 2018 Motion for Extension of Time [DE 34] (the "Jurisdictional Discovery Motion") seeks more time to offer a substantive rebuttal to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [DE 32] and, ignoring the deficiencies in its Complaint [DE 1], requests leave to take jurisdictional discovery on the same issue. Yet, neither the Complaint [DE 1], nor anything Worldwide has submitted since then raises a genuine dispute of fact that Defendants have any of the connections with Florida necessary for this Court to assert personal jurisdiction over either of them. The relevant case law clearly establishes jurisdictional discovery is not warranted here because there are no disputed jurisdictional facts to inquire into. This Court should therefore deny Worldwide's request to take jurisdictional discovery, and should instead dismiss the present action because it lacks personal jurisdiction over Defendants.

**I.   This Court Should Decline to Order Jurisdictional Discovery Because There Is No Genuine Dispute About Any Fact That Could Lead To Personal Jurisdiction Over Defendants.**

Jurisdictional discovery is not necessary or appropriate where the plaintiff fails to raise any genuine dispute on any material jurisdictional fact. *Brown v. Carnival Corp., et al*, 202 F.Supp.3d 1332 (S.D. Fla. 2016). In *Brown,* an Aruba day-tour operator challenged the court's personal jurisdiction over it in a lawsuit brought by a customer allegedly injured during a tour. Like Worldwide in this action, the *Brown* plaintiff made only conclusory allegations that the Aruba defendant was subject to personal jurisdiction, and the Aruba defendant offered declarations denying any basis for exercising personal jurisdiction. *Id.* at 1343. The plaintiff offered no evidence or affidavits to rebut the Aruba defendant's declarations. *Id.* At the same time, the plaintiff claimed it was entitled to jurisdictional discovery to "test the veracity of the statements" in the Aruba defendant's declarations (*id.* at 1346), but the court denied the demand for jurisdictional discovery because there was "no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery." *Id.* (quoting *Peruyero v. Airbus S.A.S.*, 83 F.Supp.3d 1283, 1290 (S.D. Fla. 2014)).

The *Brown* court described the situation as the plaintiff being "precluded from pursuing jurisdictional discovery in an attempt to marshal facts that she 'should have had – but did not – before coming through the courthouse doors.'" *Id.* (quoting *Thompson v. Carnival Corp.*, 2016 WL 1242280, *7 (S.D. Fla. 2016)). *See also Hinkle v. Continental Motors, Inc.*, 268 F.Supp.3d 1312, 1328 (S.D. Fla. 2017) ("Jurisdictional discovery is not warranted here, even if it had been properly requested, because Plaintiffs did not submit affidavits or any other competent evidence that rebutted [defendants'] affidavits. Therefore, there is no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery.").

Here, Worldwide has acted identically to the Plaintiff in *Brown*. Worldwide made only conclusory allegations in the Complaint [DE 1] that both Defendants were subject to personal jurisdiction in this Court and has offered no evidence and no affidavits/declarations to rebut the declaration of Defendant Bryan Adams [DE 32-1]. The Adams declaration [DE 32-1] sets forth unrefuted facts establishing that both he and the corporate defendant do not have sufficient minimum contacts with the State of Florida for this Court to maintain jurisdiction over either of them. For the above reasons, this Court, like the Court in *Brown,* should deny Worldwide's Jurisdictional Discovery Motion [DE 34].

## II. The Cases Cited in Plaintiff's Jurisdictional Discovery Motion Demonstrate That Jurisdictional Discovery is Not Appropriate in this Action.

Rather than rebutting the principle that jurisdictional discovery is not appropriate where the pleadings and declarations show there are no genuine disputes of material jurisdictional facts, the cases Worldwide cites in its Jurisdictional Discovery Motion [DE 34] support this principle. In the very first case cited in the Jurisdictional Discovery Motion [DE 34], Worldwide misleadingly offers only a partial quotation from *ACLU v. City of Sarasota*, 859 F.3d 1337 (11th Cir. 2017) in order to overstate a district court's obligation to allow jurisdictional discovery. *See* Jurisdictional Discovery Motion [DE 34 p.4]. Including the italicized text below, which Worldwide omitted without ellipses, the *ACLU* court actually states:

> … *when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute*, parties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless the party unduly delayed in propounding discovery or seeking leave to initiate discovery.

859 F.3d at 1341 (emphasis added, citations omitted). The full quotation, including the part Worldwide misleadingly omits, actually supports the principle that only where there is a

demonstrated genuine dispute about jurisdictional facts does that qualified right to jurisdictional discovery arise.

None of the other cases Worldwide cites suggest that a plaintiff has a right to take jurisdictional discovery where the pleadings and submitted evidence fail to reveal a genuine dispute about jurisdictional facts.  The quote from *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) is both dicta, because the actual issue was whether the district court abused its discretion by failing to timely resolve a Rule 12(b)(6) motion to dismiss, and consistent with *Brown* and *Thompson* because it says jurisdictional discovery only "may" be required in some Rule 12(b)(2) situations.  The court in *United Healthcare of Florida, Inc. v. American Renal Associates Holdings, Inc.*, 2016 WL 8794534, *1 (S.D. Fla. 2016) did allow jurisdictional discovery, but there was a genuine dispute as to the defendant's contacts with Florida because the complaint specifically alleged that the defendant operated dialysis centers and otherwise did business there.  Likewise, in *Nutramedics, Inc. v. Blackstone Nutrition, Inc.*, 2009 WL 10668148, *1-2 (S.D. Fla. 2009), there were genuine disputes of fact as to the accuracy of the complaint allegations about the defendant's ownership and control of a "fatburner.net" website and about the defendant's ownership and control of other websites, linked from the "fatburner.net" website, which were alleged to sell nutritional supplements to Floridians.  In these and the other cases cited by Worldwide, jurisdictional discovery was warranted only because there were genuine disputes of fact, as shown by the complaint and parties' submitted evidence, as to whether some basis for establishing personal jurisdiction existed.

In the present case, Worldwide's Complaint [DE 1] alleges absolutely no basis for this Court to have personal jurisdiction over either of the Defendants. It alleges no connection between Defendants and Florida, and even states that "Plaintiff remains unaware of any goods or services

in interstate commerce conducted by the Defendants under the denomination "Point Lookout." Complaint [DE 1 ¶16].  After Defendants submitted a declaration confirming their lack of contacts with Florida, Worldwide failed to offer any of its own declarations or new facts which would support the Court's exercise of personal jurisdiction.  Instead, Worldwide simply wants to "conduct limited jurisdictional discovery to rebut the very general and carefully crafted affidavit denials by Bryan Adams with regards to his alleged connection with this jurisdiction, individually and through Adams Communications, Inc." Jurisdictional Discovery Motion [DE 34 pp. 3-4].  As a result, there is no genuine dispute as to any material facts which could give rise to personal jurisdiction over Defendants.  Worldwide is merely clinging to a vague hope that in a jurisdictional discovery fishing expedition it might uncover something that would allow it to "rebut" the otherwise undisputed facts set out in Defendants' declaration.

Put another way, Worldwide is in the same situation as was the plaintiff in *Brown v. Carnival Corp.,* namely "pursuing jurisdictional discovery in an attempt to marshal facts that [it] 'should have had – but did not – before coming through the courthouse doors.'" 202 F.Supp.3d at 1346.  The court in *Brown* denied the plaintiff's request to take jurisdictional discovery, and this Court should do the same here.  In both of these cases there is simply "no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery." *Id*.  Worldwide's Complaint [DE 1] offers no reason why personal jurisdiction is proper, and it has failed to raise any genuine factual dispute on that issue in its present motion or anything it filed before that.  Because the parties' pleadings and submissions reveal no genuine factual dispute which could lead to this Court having personal jurisdiction over Defendants, this Court should deny Worldwide's request for jurisdictional discovery.

### III. Worldwide Has Identified No Basis for Exercising Personal Jurisdiction Over Defendants.

As Defendants explained in their Motion to Dismiss (Docket No. 32), Worldwide's Complaint [DE 1] makes absolutely no allegations that would allow this Court to exercise personal jurisdiction over either of the Defendants.  Even if Worldwide assumed that the sending of the alleged cease-and-desist correspondence *see* [DE 1-1] created such personal jurisdiction, the case law contradicts that assumption.  *See* Defendants' Motion to Dismiss [DE 32 p. 4].  In the section of Worldwide's Jurisdictional Discovery Motion [DE 34] labeled "Background and Procedural Posture," Worldwide now appears to assert that the mere mention in the cease-and-desist correspondence that Defendants may have U.S. intellectual property rights which could be enforced in U.S. courts creates personal jurisdiction over Defendants in Florida.  *See* Jurisdictional Discovery Motion [DE 34 pp. 1-3].  Worldwide is incorrect.

The references to alleged U.S. intellectual property rights within the cease-and-desist correspondence are no different in substance from what any cease-and-desist letter concerning intellectual property would say, and the case law is clear that such letters do not create personal jurisdiction within the letter recipient's state.  In *RC3, Inc. v. Bieber*, 2012 WL 4207457, *1 (M.D. Fla. 2012), a case discussed in Defendant's Motion to Dismiss [DE 32], the cease-and-desist letter sent by Justin Bieber's counsel asserted numerous U.S. intellectual property rights and accused RC3 of "trademark infringement, unfair competition under the Lanham Act and under state law, dilution, false designation of origin, passing off, misappropriation of name for commercial purposes, misrepresentation, violation of rights of publicity, and interference with [Bieber's] contractual obligations to third parties."  Despite these references to numerous types of U.S. intellectual property rights, which could presumably be enforced by courts anywhere within the U.S., that cease-and-desist letter did *not* create personal jurisdiction over Bieber in Florida, where

the letter was received. *Id*. at *5. Likewise, the fact that the presently disputed cease-and-desist correspondence refers to U.S. intellectual property rights which U.S. courts could theoretically enforce does not create personal jurisdiction over Defendants in Florida, where that correspondence was received.

Worldwide further confuses the personal jurisdiction analysis when it alleges that Defendants have somehow "magically change[d] their mind regarding U.S. law." Jurisdictional Discovery Motion [DE 34 p. 3]. Defendants have done nothing of the sort. The cease-and-desist correspondence alleges that Worldwide, a U.S. entity, has violated Defendants' intellectual property rights under U.S. laws (as well as the laws of several other countries), meaning that if Defendants so elect they could sue Worldwide within the U.S. as well as within several other "jurisdictions" (i.e. other countries). *See* Docket No. 1-1 at p. 2. None of those allegations, however, give the present Court personal jurisdiction over Defendants. In other words, the issue of whether Defendants have sufficient contacts with Florida such that this Court could exercise personal jurisdiction over them is completely separate from the issue of whether Worldwide's actions constitute a violation of one or more U.S. laws. Defendants' position is and always has been that Worldwide's actions have violated U.S. intellectual property laws, but that the present Court lacks personal jurisdiction over Defendants. Defendants have not changed their minds about anything, and Worldwide's Jurisdictional Discovery Motion [DE 34] describes no basis for this Court to exercise personal jurisdiction over Defendants.

**IV.	Conclusion**

This Court should deny Worldwide's request to engage in jurisdictional discovery, because the pleadings and submissions from the parties reveal no genuine factual dispute which could lead to this Court having personal jurisdiction over Defendants.  In addition, this Court should deny Worldwide's request for a lengthy delay in ruling on Defendants' motion to dismiss, and should instead grant Defendants' motion because there is no basis for this Court to have personal jurisdiction over Defendants.

Date:   May 1, 2018                                             Respectfully submitted,


By:     /s/Mark E. Stein
    Mark E. Stein (FBN 818666)
    MARK STEIN LAW
    2999 N.E. 191st Street, Suite 330
    Aventura, Florida 33180
     (305) 356-7550

    Mark R. Bagley (*pro hac vice*)
    TOLPIN & PARTNERS, PC
    100 North LaSalle Street, Suite 501
    Chicago, Illinois 60602
     (312) 698-8971

    *Attorneys for Defendants Bryan Adams and*
    *Adams Communications, Inc.*

Case Number:  17-cv-61359-DMM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing Generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/Mark E. Stein

## SERVICE LIST

Darren Spielman (dspielman@complexip.com)
Robert Kain (rkain@complexip.com)
900 SE 3rd Ave., Suite 205
Fort Lauderdale, Florida 33316

John Berryhill, Ph.D., Esq. (john@johnberryhill.com)
204 East Chester Pike
First Floor, Suite 3
Ridley Park, Pennsylvania 19078