**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| WORLDWIDE MEDIA, INC., ) | |
| ) | Case Number: 17-cv-61359-DMM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRYAN ADAMS and ADAMS ) | |
| COMMUNICATIONS, INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO TAKE JURISDICTIONAL DISCOVERY**

Plaintiff Worldwide Media, Inc. ("Worldwide") hereby files its Reply in support of its Motion for Extension of Time to Take Jurisdictional Discovery (ECF 34) and in reply to Defendants, Bryan Adams and Adams Communications, Inc. (collectively herein "Defendants") Memorandum in Opposition to Plaintiff's Motion (ECF 36).

Worldwide has established that jurisdictional discovery is warranted and the Court has the authority and factual basis for ordering this limited discovery. The specific acts of Defendants, which include claimed ownership and assertion of U.S. intellectual property rights against Worldwide, permit the exercise of specific personal jurisdiction when the action is directly related to those asserted rights. See *HSI IP, Inc. v. Champion Window Mfg. & Supply Co.*, 510 F. Supp. 2d 948, 954-5 (M.D. Fla. 2007). Worldwide seeks to take jurisdictional discovery to confirm that the exercise of Florida long-arm specific jurisdiction will comport with the Due Process Clause of the Fourteenth Amendment. See *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Without the requested jurisdictional discovery, the Court would be

- 1 -

deprived of relevant jurisdictional information, and would prejudice Worldwide's ability to provide an adequate response and/or declaration to rebut Defendants' arguments and Declaration. However, it is Worldwide's position that the cease and desist letter, on its own, rebuts Defendants' Declaration.

> **I.  There is a Genuine Dispute on Material Jurisdictional Facts Requiring Jurisdictional Discovery**

The Florida long-arm statute provides for two distinct categories of personal jurisdiction: specific jurisdiction conferred under § 48.193(1) and general jurisdiction conferred under § 48.193(2). See *Nw. Aircraft Capital Corp. v. Stewart*, 842 So. 2d 190, 193 (Fla. 5th DCA 2003). A court may exercise specific jurisdiction over a nonresident defendant only when the plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum state. See *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1221 n.27 (11th Cir. 2009); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n.3 (11th Cir. 2006). In this case, the subject matter of the Complaint is directly related to Defendants' cease and desist letter.

Defendants cite to *Brown v. Carnival Corp., et al*, 202 F.Supp3d 1332 (S.D. Fla. 2016) in an attempt to deny Plaintiff the opportunity to take jurisdictional discovery. However, *Brown* supports jurisdictional discovery in this case, because the Complaint, which attached the cease and desist letter, (DE 1, 1-1) and Defendants' Declaration in Support of the Opposition to Plaintiff's Motion (DE 32-1) clearly establish that there is a genuine dispute on material jurisdictional facts. Defendants' cease and desist letter explicitly invokes U.S. jurisdiction and U.S. law on multiple occasions. (ECF 1, Exhibit A). Defendants submitted a Declaration that would imply Florida doesn't have general jurisdiction over them, but it is silent as to the specific

jurisdiction alleged in the Complaint and evidenced by the cease and desist letter attached to the Complaint.  See *HSI IP, Inc. v. Champion Window Mfg. & Supply Co.*, 510 F. Supp. 2d 948, 954-5 (M.D. Fla. 2007).("While the affidavit of Mr. Manes would clearly amount to a meritorious challenge to a Complaint based on general jurisdiction only, it does nothing to challenge specific jurisdiction under Section §48.193(1).")   There is a genuine dispute on material jurisdictional facts requiring jurisdictional discovery.

Moreover, *Brown* is distinguishable from the present case on several grounds.  First, there are several bases for exercising Florida's long-arm statute.  In the *Brown* case, the Plaintiff was injured on a cruise excursion in a foreign country.  The *Brown* plaintiff was asserting Florida long-arm statute section § 48.193(1)(a)(1) and (1)(a)(4) over a foreign-entity.  Subsection (a)(1) confers jurisdiction over an out-of-state defendant for claims arising against a defendant who is "operating, conducting, engaging in, or carrying on a business venture in this state or having an office or agency in this state."  See §48.193(1)(a)(1).  Section (a)(4) confers jurisdiction regarding contracts to insure a person or property or risk located in the state at the time of the contracting.  See §48.193(1)(a)(1).  These specific bases under the Florida long-arm statute are not applicable to the present case, and, if they were, Worldwide would request jurisdictional discovery in order to prove same.

Instead, this Court has specific jurisdiction on Defendants because of the cease and desist letter sent by Defendants to Worldwide in Florida.  The statements in the cease and desist letter are directly related to the claims of the present suit.  Through the transmission of such a letter, Defendants have created personal specific jurisdiction under Florida's Long-arm statute, §48.193(1)(a)(2).  The Complaint details that Defendants have committed tortious acts within the state of Florida.  See (ECF 1) and §48.193(1)(a)(2).  In *HSI IP, Inc. v. Champion Window Mfg. &*

*Supply Co.*, 510 F. Supp. 2d 948, 954-5 (M.D. Fla. 2007), although an Ohio window manufacturer, which used the same name as a Florida supplier of window blinds, had never sold products in Florida, personal jurisdiction existed under the Florida long arm statute, Fla. Stat. § 48.193(1)(b) (2004), because the Ohio company had committed a tort in Florida by sending a cease and desist letter regarding the disputed trade name and by threatening to use the disputed mark in a distinct manner from its previous uses. Likewise, the cease and desist letters in this case went beyond demanding a cessation and threatened legal action in the U.S. based upon alleged tortious acts of infringement.

Defendant's Opposition brief cites to the Complaint including the following: "Plaintiff remains unaware of any goods or services in interstate commerce conducted by the Defendants under the denomination 'Point Lookout.'" (DE 36, p4-5) Defendants try to argue that this allegation of the Plaintiff's state of knowledge, relevant to the question of bad faith intent under 15 USC 1125(b), amounts to an admission by Plaintiff that Defendants conduct no relevant commerce. Defendant maintains that it has rights, and its threat to the Plaintiff was to assert rights which Defendant claims to possess in the US to the remarkable exclusion of Florida. Moreover, Defendants again rely on their incomplete Affidavit, which did not address the alleged business activities which may have given rise to common-law trademark rights. Defendants do not get to stand back and claim no jurisdiction, and while at the same time threatening Plaintiff with trademark infringement claims after invoking U.S. law and jurisdiction. Instead, Defendants distort Plaintiff's claims in its Complaint regarding a position at the heart of the Declaratory relief.

In this Declaratory Judgment Action, Worldwide asserts its property rights in its domain name *pointlookout.com*, including rights under 15 U.S.C. 1125(d). Defendants, through their

cease and desist letter, have asserted that such rights and ownership of property in the domain, which is situated in the U.S., are infringing or otherwise invalid.  Infringement is a tortious act.  See *Id.* at 955. ("HSI has provided evidence through documents submitted in its Response that the exercise of jurisdiction over CWMSC is warranted. HSI attaches to its Response two letters sent by CWMSC to HSI in June 2006 which allegedly threaten legal action and declare Defendant's intent to use the Champion mark in a manner distinct and apart from its previous uses.")  Accordingly, there is specific personal jurisdiction over the Defendants under Florida's long-arm statute, which Worldwide should be permitted to further support through limited jurisdictional discovery.  See §48.193(1)(a)(2).

Defendants cite to *RC3, Inc. v. Bieber*, 2012 U.S. Dist. LEXIS 132877 (M.D. Fla. 2012), for the proposition that cease and desist letters do not create personal jurisdiction within the letter recipient's state.  (ECF 36, page 6).  However, the Court in *Bieber* relied on Fla. Stat. § 48.193(1)(a) requiring that in order to establish that a nonresident defendant is carrying on a business or business venture in Florida, the Court must consider whether the sum of Bieber's collective business activities shows a general course of business activity in the state for pecuniary benefit.  *Id.* at *9.  The Court in *Bieber* did not rely on the tortious acts provision of the Florida long-arm statute.  Importantly, it found that RC3's declaratory judgment action does not arise from nor is it directly related to any of Bieber's business activities in Florida.  *Id.* at *13.  This is contrary to the present case, where the declaratory judgment arises directly from the cease and desist letter.

    II.    **Jurisdictional Discovery is both Permitted and Warranted in this Case**

The Eleventh Circuit cases indicate that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for want of personal

jurisdiction.  See *Steinberg v. Barclay's Nominees (Branches) Ltd.,* 2007 U.S. Dist. LEXIS 89494 at *6 (S.D. Fla. 2007).  The limited discovery permits a plaintiff to gather evidence to refute statements made in affidavits by Defendants.  See *Gibson v. NCL Bahamas,* 2012 U>S. Dist. LEXIS 138123 (S.D. Fla. 2009).  Due to the fact that there is a genuine dispute on material jurisdictional facts jurisdictional discovery is permitted and warranted in this case.

WHEREFORE, Plaintiff Worldwide Media, Inc. requests the Court permit Plaintiff to conduct limited jurisdictional discovery for a 45 day period after this Court rules on this motion and thereafter file a response in opposition to Defendants' Motion to Dismiss.

Respectfully submitted,

Date:   May 3,  2018                                    By:   /s/  Darren Spielman
                                                                    Darren Spielman (FL Bar 010868)
                                                                    dspielman@complexip.com
                                                                    Robert Kain (FL Bar 266760)
                                                                    rkain@complexip.com
                                                                    900 SE 3rd Ave., Suite 205
                                                                    Ft. Lauderdale, FL 33316
                                                                    Tel: 954-768-9002
                                                                    Fax: 954-768-0158
                                                                    Attorneys for Plaintiff

                                                                    John Berryhill, Ph.D., Esq.
                                                                    (*pro hac vice*)
                                                                    john@johnberryhill.com
                                                                    204 East Chester Pike
                                                                    First Floor, Suite 3
                                                                    Ridley Park, PA 19078
                                                                    (610) 565-5601
                                                                    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OPPOSING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO TAKE JURISDICTIONAL DISCOVERY** was filed via CM/ECF and or served via email, as agreed by counsel, to:

Mark E. Stein, Esq. (FBN 818666)
MARK STEIN LAW
2999 N.E. 191st Street, Suite 330
Aventura, Florida 33180
mark@markstein.com
Tel: (305) 356-7550

Mark R. Bagley
TOLPIN & PARTNERS, PC
100 N. LaSalle Street, Suite 501
Chicago, IL 60602
mark@tolpinlaw.com
Phone: (312) 698-8971
Fax: (312) 803-9602

Attorneys for Defendants

                                          on this _3__ day of May, 2018.


                                          ___/s/___Darren Spielman_____
                                                 Darren Spielman