## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-61359-CV-MIDDLEBROOKS

WORLDWIDE MEDIA, INC.,

      Plaintiff,

v.

ADAMS COMMUNICATIONS, INC.,
and BRYAN ADAMS,

      Defendants.

_____/

### ORDER GRANTING LIMITED JURISDICTIONAL DISCOVERY

THIS CAUSE comes before the Court on Plaintiff Worldwide Media, Inc.'s "Motion for Extension of Time to Respond to Defendants' Motion to Dismiss so that Plaintiff Can Conduct Limited Jurisdictional Discovery," ("Motion") filed on April 26, 2018.  (DE 34).   After I expedited briefing, Defendants Adams Communications, Inc. and Bryan Adams ("Defendants") responded on May 1, 2018 (DE 26), and Plaintiff replied on May 3, 2018 (DE 37).   For reasons stated below, Plaintiff's motion is granted.

Plaintiff's Complaint (DE 1) alleges that it purchased the domain name pointlookout.com at a public auction in February 2017, and subsequently "utilized the domain name in connection with a domain monetization provider to publish paid search advertising relating to the non-distinctive geographic significance of the term 'Point Lookout.'" (DE 1 (hereinafter, "Compl.") ¶¶ 9-11, 14).   At the time Plaintiff registered the domain, Plaintiff was unaware of any rights or interests that Defendants had in the term "Point Lookout," and Plaintiff still believes that Defendants have no rights to that term under the Lanham Act or common law.  (*Id.* ¶¶ 15, 17). However, on April 1, 2017, Plaintiff alleges that Defendants, through its attorney, sent a cease-and-desist letter and began sending other threats to Plaintiff to stop using the domain name

because of Defendants' purported claims of right in a geographic location of the same name. (Compl. ¶¶ 19-24; DE 1-1).

In response to these threats, Plaintiff filed the instant Complaint on July 10, 2017, bringing two counts against Defendants.   Count I, for declaratory relief, seeks a declaration that Plaintiff's use of the domain name pointlookout.com is lawful and proper under the Lanham Act, 15 U.S.C. § 1125, the Copyright Act, and common law.   (Compl. ¶¶ 26-39).   Count II, for injunctive relief, seeks permanent injunctions enjoining (1) any transfer of the domain name to Defendants, and (2) Defendants from making any further threats to Plaintiff regarding Plaintiff's use of the domain name.   (Compl. ¶¶ 40-43).

After I allowed several months for Plaintiff to serve Defendants in Canada, Defendants appeared and filed a Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") (DE 32) on April 12, 2018.   In support of its Motion to Dismiss, Defendant Bryan Adams submitted a declaration demonstrating the lack of contacts that he and his company, Adams Communications, Inc., have with Florida.   (DE 32-1 (hereinafter "Adams Dec.")).

In response, Plaintiff filed the instant Motion, seeking jurisdictional discovery to develop facts sufficient to support specific personal jurisdiction over Defendants in Florida.   The Motion requests jurisdictional discovery as to Defendants' contacts with Florida involving their intellectual property rights under United States law in "Point Lookout" as well as the "residence at the geographic location" with the same name, as detailed in Defendants' cease-and-desist letter (DE 1-1).   (DE 34 at 1-3).   Plaintiff describes thee interrogatory requests and four requests for production which may shed light on Defendants' contacts with Florida that relate to Defendants' purported rights in the term "Point Lookout."   (DE 34 at 5).

"[F]ederal courts have the power to order, at their discretion, discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) (citation omitted).   "Eleventh Circuit precedent indicates that

jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, 2016 WL 8794534, at *2 (S.D. Fla. Dec. 5, 2016); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made.").

Based on the clear Eleventh Circuit precedent, I find jurisdictional discovery appropriate in this case. Plaintiffs seek jurisdictional discovery on facts that may bear on whether Defendants would be subject to specific personal jurisdiction in this matter. Defendants argue that Plaintiff should not be entitled to jurisdictional discovery because, by failing to submit affidavits or other evidence to support the Complaint's conclusory allegations or refute the Adams Declaration (DE 32-1), Plaintiff has failed to create a "genuine dispute on a material jurisdictional fact," and therefore jurisdictional discovery is not warranted. (DE 36 (citing *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016)). However, as Plaintiff points out in its reply, although the Adams Declaration supports Defendants' assertion that there is no *general* personal jurisdiction over them in Florida, "it is silent as to the specific jurisdiction alleged in the Complaint and evidenced by the cease-and-desist letter attached to the Complaint." (DE 37 at 2-3 (citing *HSI IP, Inc. v. Champion Window Mfg. & Supply Co., Inc.*, 510 F. Supp. 2d 948, 954-55 (M.D. Fla. 2007)). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion for Limited Jurisdictional Discovery (DE 34) is **GRANTED**. Plaintiff may conduct limited jurisdictional discovery from Defendants for a period of **30 days** from the date of the entry of this Order.

(2) Plaintiff must file any response in opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction **40 days** from the entry of this Order.   Defendants' reply in support of their Motion is due **7 days** after Plaintiff files its response.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 14 day of May, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:      Counsel of Record